UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

CURT MARQUAIN LOCKETT,

    Plaintiff,

v.                                                                                  Case No.  3:18-cv-2205-RV/MJF

FLORIDA DEPARTMENT OF
CORRECTIONS, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This cause is before the court on Plaintiff's Second Amended Complaint, filed under 42 U.S.C. § 1983. (Doc. 16). Plaintiff was granted leave to proceed *in forma pauperis*. Thus, this *pro se* civil rights action is before the court for preliminary screening of Plaintiff's complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A. From a review of the complaint, it is evident that the facts as presented fail to state a facially plausible claim for relief against the named Defendants and that no additional facts or legal theories could cure this deficiency. Therefore, the undersigned respectfully recommends that this case be dismissed.[1]

---

[1] The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters. *See* N.D. Fla. Loc. R. 72.2; *see also* 28 U.S.C. § 636(b); Fed R. Civ. P. 72(b).

**I.     Background**

On November 2, 2018, Plaintiff, an inmate of the Florida Department of Corrections ("FDOC") and housed at Wakulla Correctional Facility, commenced this civil rights action filed under 42 U.S.C. § 1983. On November 6, 2018, the Plaintiff was directed to file an amended complaint, which listed his prior civil litigation history. (Doc. 5). Plaintiff submitted his Amended Complaint and alleges that he is being unlawfully confined at Walton Correctional Institution. (Doc. 16 at 8). Plaintiff names six Defendants: (1) the FDOC; (2) Scott May, Warden at Walton Correctional Institution; (3) Kirk Volker, Assistant State Attorney; (4) Nicole Jones, Assistant Public Defender, (5) Aaron Clemons, Assistant Public Defender; and (6) Dave Aronberg, State Attorney. (Doc. 16 at 1, 2).

In his complaint, Plaintiff challenges three underlying state convictions. Specifically, Plaintiff attacks his conviction in case numbers 08-CF-007988, 08-CF-007989, and 08-CF-001348, from the Fifteenth Judicial Circuit Court for Palm Beach County. In case number 08-CF-001348, Plaintiff was charged with lewd or lascivious molestation. In case number 08-CF-007988, he was charged with sexual battery and two counts of lewd or lascivious molestation. In case number 08-CF-07989, he was charged with sexual battery on a person less than 12 years of age. On May 28, 2009, Plaintiff entered guilty pleas. Plaintiff agreed to plead guilty to: attempted lewd or lascivious molestation as a lesser offense in case number 08-CF-

001348; a single count of lewd or lascivious molestation as charged in case number 08-CF-007988; and sexual battery on a person less than 12 in case number 08-CF-007989.

In support of his challenge, Plaintiff alleges that: (1) he received ineffective assistance of counsel; (2) his plea agreement was involuntary and coerced by Plaintiff's counsel; (3) he was convicted of a lesser included offense in case 08-CF-001348 without being formally charged with the lesser included offense; and (4) he has newly discovered evidence that allegedly establishes his innocence. As relief, Plaintiff seeks: (1) immediate release from prison; and (2) $100 million in compensatory damages. (Doc. 16 at 10).

## II.   Standard

Because Plaintiff is a prisoner, the court is required to review his complaint, identify cognizable claims and dismiss the complaint, or any portion thereof, if the complaint "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see also* 28 U.S.C. § 1915(e)(2)(B) (applying the same standard to *in forma pauperis* proceedings). Dismissals for failure to state a claim are governed by the Rule 12(b)(6) standard. *See* Fed. R. Civ. P. 12(b)(6); *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). The court accepts all well-pleaded factual allegations of the complaint as true and evaluates all reasonable

inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949. The mere possibility that the defendant acted unlawfully is insufficient. *Id.*; *see also* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965; *see also Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (reiterating that although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A complaint may also be dismissed for failure to state a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326

F.3d 1352, 1357 (11th Cir. 2003); *see also Marsh v. Butler Cty., Ala.*, 268 F.3d 1014, 1022 (11th Cir. 2001); *Jones v. Bock*, 549 U.S. 199, 215, 127 S.C. 910, 920-21 (2007) (reiterating that principle).

**III.   Discussion**

Before a plaintiff may proceed with a section §1983 action "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," the plaintiff must prove that the conviction or sentence has been somehow invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S. Ct. 2364, 2372-73 (1994); *see Morrow v. Fed. Bureau of Prisons*, 610 F.3d 1271, 1272 (11th Cir. 2010) (discussing the application of *Heck*). If the plaintiff fails to demonstrate that the conviction or sentence has been invalidated, any claim must be dismissed if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence." *Id.* at 487, 114 S. Ct. at 2372; *Edwards v. Balisok*, 520 U.S. 641, 648, 117 S. Ct. 1584, 1589 (1997) ("We conclude, therefore, that respondent's claim for . . . money damages, based on allegation of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under §1983."); *Harden v. Pataki*, 320 F.3d 1289, 1295 (11th Cir. 2003) (noting "that a state prisoner may not maintain an action under 42 U.S.C. §

1983 if the direct or indirect effect of granting relief would be to invalidate the state sentence he is serving.").

Plaintiff contends that he is entitled to damages because he is currently incarcerated unlawfully. This, he avers, is the result of two constitutional violations: (1) Defendants Jones and Clemons's ineffective assistance and coercion of the Plaintiff to plead guilty; and (2) Defendants Volker and Aronberg's failure to indict Plaintiff for the lesser included offense to which he pleaded guilty. Therefore, the claims, if decided in Plaintiff's favor, would imply the invalidity of his conviction. Plaintiff has not shown that his conviction or sentence has been reversed, expunged, invalidated, or impugned. In fact, Plaintiff filed a habeas petition challenging these convictions, which was dismissed as time barred. *See Lockett v. Sec'y, Fla. Dep't Corr.*, 9:15-cv-81656 (S.D. Fla. 2016). Thus, Plaintiff's instant § 1983 claim seeking money damages is barred by *Heck*.

Additionally, to the extent Plaintiff seeks declaratory or injunctive relief, his claims are not cognizable in the instant § 1983 proceeding because a habeas corpus petition is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 490-500, 93 S. Ct. 1827, 1836 (1973) (holding "habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement"); *Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir.

2006) (holding that "when an inmate raises any challenge to the 'lawfulness of confinement or [the] particulars affecting its duration,' his claim falls solely within the province of habeas corpus under 2254."); *see Dryer v. Lee*, 488 F.3d 876, 880 (11th Cir. 2007) (holding that "habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement"); *Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) ("[D]eclaratory or injunctive relief claims which are in the nature of habeas corpus claims—i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release—are simply not cognizable under § 1983."). Here, Plaintiff seeks injunctive relief based on his claims challenging his underlying convictions. These claims are not cognizable under 42 U.S.C. § 1983, and thus Plaintiff's claims should be dismissed.

  Finally, even if Plaintiff's action were liberally construed as a petition for habeas corpus under 28 U.S.C. § 2254, dismissal still would be required. As mentioned above, Plaintiff already filed a habeas petition challenging the same convictions, and that action was dismissed as time barred. *See Lockett v. Sec'y, Fla. Dep't Corr.*, 9:15-cv-81656 (S.D. Fla. 2016). The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, requires that before a prisoner in custody due to a state court judgment can file a "second or successive" federal habeas petition under § 2254, he must "move in the appropriate court of appeals for an order authorizing the district court to consider the

application." 28 U.S.C. § 2244(b)(3)(A). In general, a district court lacks jurisdiction to decide a second or successive petition filed without the authorization of the Court of Appeals. *Insignares v. Sec'y, Fla. Dept. of Corr.*, 755 F.3d 1273, 1278 (11th Cir. 2014); *Jordan v. Sec'y, Dep't of Corr.*, 485 F. 3d 1351 (11th Cir. 2007) (requiring a petitioner to obtain an order from appellate court prior to filing second or successive § 2254 petitions after first habeas petition was dismissed as untimely). Absent authorization by the Court of Appeals, therefore, a district court must dismiss a second or successive petition. *See Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003) (addressing a successive motion under 28 U.S.C. § 2255). Therefore, even a liberal construction of Plaintiff's complaint could not save this action.

## IV.  Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's amended complaint (Doc. 16) be **DISMISSED** for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2).

2. The clerk of the court be directed to close the case.

At Panama City, Florida, this 23d day of April, 2019.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## **NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.